WILLIAM M. .RAW,
   ATTORNEY GENERAL

SCOTT GAINES,
   FIRST ASSISTANT

BOB GROSE,
   CHIEF LAW ENFORCEMENT
      OFFICER

RUTH MYERS,
   CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL.

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPAT
SAM LANE
ROBERT W. McKISSI
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORRO'
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR
EFFIE WILSON-WAL:
CHARLES B. WALKE



# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

January 16, 1939

Hon. Edward Clark
Secretary of State
Austin, Texas

Dear Mr. Clark:

Opinion No. O-134
Re: Office of Secretary of State-
Holding over until successor
qualifies.

Your request for an opinion as to when you should
surrender and vacate the office of Secretary of State has
been received by this Department. Your letter reads as fol-
lows:

"Dear General Mann:

"May I respectfully avail myself of an offi-
cial ruling as to when I should surrender and
vacate the office of Secretary of State.

"As you know, it is understood through the
press and otherwise that Judge Tom L. Beauchamp
will be appointed by Governor-elect W. Lee
O'Daniel as the Secretary of State. No official
appointment has been filed in this office nor has
any appointment by the incoming governor been
submitted to the State Senate for its advice and
consent. I understand that under the law the
term of the Secretary of State expires with that
of the appointing power, the governor.

"Were this contemplated appointment a recess
appointment, then of course the person appointed
would be entitled to the office upon the taking of
the oath. The legislature being in session, I am
in doubt as to my proper duty in the matter until
the confirmation of Judge Beauchamp has been acted
upon by the senate.

"Will you be so good as to advise me as to

the proper lawful procedure in this matter for
which I will thank you very much and be most
happy to follow.

"Sincerely yours,
(signed) Edward Clark
Edward Clark
Secretary of State"

Section 21 of Article 4 of the Constitution of
Texas, provides as follows:

"There shall be a Secretary of State, who
shall be appointed by the Governor, by and with
the advice and consent of the Senate, and who
shall continue in office during the term of ser-
vice of the Governor. He shall authenticate the
publication of the laws, and keep a fair register
of all official acts and proceedings of the Governor,
and shall, when required, lay the same and all
papers, minutes and vouchers relative thereto, be-
fore the Legislature, or either House thereof, and
shall perform such other duties as may be required
of him by law. He shall receive for his services
an annual salary of Six Thousand ($6,000.00) Dol-
lars, and no more. (Sec. 21, Art. 4, adopted elec-
tion Nov. 3, 1936.)"

Section 17 of Article 16 of the Constitution of
Texas, provides as follows:

"All officers within this State shall con-
tinue to perform the duties of their offices un-
til their successors shall be duly qualified."

Section 12 of Article 4 of the Constitution of Texas,
provides as follows:

"All vacancies in State or district offices,
except members of the Legislature, shall be filled
unless otherwise provided by law, by appointment
of the Governor, which appointment, if made during
its session, shall be with the advice and consent
of two-thirds of the Senate present. If made dur-
ing the recess of the Senate, the said appointee,

or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

Section 30, page 369, Texas Jurisprudence, Volume 34, reads as follows:

"Public Officers.
"Holding Over - In General. - Under a general provision of the Constitution, 'all officers within the State shall continue to perform the duties of their offices until their successors shall be duly qualified.' And by statute each officer elected or appointed under, and each commissioner or member of any board or commission created by, the laws of the State shall hold office for the term provided by law and until his successor is elected or appointed and qualifies. Similar provisions are also found in the Constitution and statutes in respect of the tenure of particular officers, also in municipal charters. Indeed, the general rule as to holding over prevails even in the absence of any express constitutional or statutory provision."

Section 34 page 379, 34 Texas Jurisprudence, reads as follows:

"Public Officers.
"Confirmation of Appointee. - All vacancies in state or district offices, except that of membership in the Legislature, are to be filled, un-

Hon. Edward Clark, January 16, 1939, Page 4

less otherwise provided by law, by appointment by the Governor with the advice and consent of two-thirds of the Senate present. It is so provided by both the Constitution and the statutes. Where such required advice and consent of the Senate is refused, the nominee or appointee is not entitled to the office, and a commission issued to him is void and vest in him no right to occupy it."

Denison vs. State, 61 SW (2) 1017-1024, holds:

"Statutes requiring appointment to office by Governor, with advice and consent of Senate, as in case of Chairman of State Highway Commission, means advice and consent of two-thirds of Senate. Every appointment by Governor to fill vacancy in state or district office must be made with advice and consent of two-thirds of Senate. One appointed to office by Governor without advice and consent of two-thirds of Senate is not legally entitled to office, citing Section 12 of Article 4 of the Constitution of Texas. Expiration of term of appointed officer, such as Chairman of State Highway Commission, creates vacancy for purpose of appointment of successor by Governor with advice and consent of two-thirds of Senate, though incumbent holds over until successor is appointed and qualified, citing Article 4 Section 12 and Article 16 Section 17 of the Constitution of Texas.

34 Texas Jurisprudence, Section 31, reads as follows:

"Public Officers.
"Purpose and Effect - Status of Officer. - The purpose of the constitutional and statutory provisions requiring officers to hold over until their successors have qualified is to prevent vacancies in office and a consequent cessation of the functions of government. The constitutional provision is self-executing, and, like the similar provisions in the statutes, it is manda-

tory. Under the Constitution an officer cannot
arbitrarily divest himself of the obligation
and authority to perform the duties of his office
until his successor qualifies; and even though
he resigns and his resignation is accepted, the
law operates to continue him in office until his
successor qualifies. But the Constitution does
not authorize the Legislature to extend the term
of an office beyond two years..................."

"Status of officer holding over. - An incum-
bent who holds over continues in office with all
the powers incident thereto until his successor
has duly qualified. He is a de jure and not a
de facto officer, and is entitled to an injunc-
tion to protect his possession of the office
against intruders. Though his term has expired,
he may continue to perform the duties of the
office, the sureties on his bond are liable for
his acts and defaults, and process may be served
upon him as an officer, until his successor has
qualified. However, his holding is merely pro-
tempore, to subserve public convenience. He has
no right to or interest in the office itself;
his only right and duty are to protect possession
against an intruder until the qualification of
his successor. It is no part of the holdover's
duty to ascertain the result of the election held
to choose his successor; he has no such right or
interest as authorizes him to contest the result
of an election as declared by the proper offi-
cials; and he is fully absolved from further lia-
bility as to the preservation of the records, and
further discharge of the duties of the office,
when he delivers the records to the holder of the
certificate of election, after he has duly quali-
fied."

McGee vs. Dickey et al, 23 SW 404, holds as fol-
lows:

"All officers within this state shall con-
tinue to perform the duties of their offices
until their successors shall be duly qualified."
Constitution Article 16 Section 17. "In this
respect the state, it seems, by the nature, ab-
hors a vacuum. The public necessity and contin-

uity of official tenure is not left to the caprice
of the office-holder. The contract for public
service imposes a mutual obligation upon the offi-
cer and the public, which cannot be arbitrarily
dispensed with by either party."

Meachum Public Officers, Section 414; 19 American and English
Encyclopedic Law, 562; Thompson vs. U. S., I. D. 480; and
numerous other cases.

King vs. Featherston, 69 SW 983, holds as follows:

"Constitution, Article 16, Section 17, provid-
ing that all officers within the state shall con-
tinue to perform the duties of their offices un-
til their successors shall be duly qualified, is
mandatory and an officer whose resignation has been
accepted but whose successor has not been appointed
is still such officer."

On February 19, 1917, Hon. B. F. Looney, Attorney
General of Texas, rendered an opinion to Hon. James E. Fergu-
son, Governor of the State of Texas, upon the status of
vacancy in office and confirmation in the Senate, which opin-
ion is on page 392, Volume 3 of the Reports and Opinions of
B. F. Looney, Attorney General of Texas for the years 1916
and 1918, inclusive, which opinion is of great length and
being not necessary to quote here at length but to which re-
ference is here made. Said opinion holds that the incum-
bent in an office shall hold over until his successor qualifies
and is deemed particularly pertinent to your inquiry.

Therefore, under the authorities cited above, you
are respectfully advised that it is the opinion of this
Department that you should hold over the office of Secretary
of State until an appointee of the Governor is confirmed by
a two-thirds vote of the Senate and duly qualifies.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _[signature]_

Assistant

WJF:AW

APPROVED:
_[signature]_
ATTORNEY GENERAL OF TEXAS